UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| DAVID HEARING, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | No. 2:18-CV-094-RLJ-CRW |
| CHERRY LINDAMOOD, Warden, | ) ) | |
| Respondent. | ) | |

## MEMORANDUM & ORDER

This is a pro se prisoner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Now before the Court are Petitioner's motion for summary judgment and supporting filings [Docs. 29, 30, and 31]; motion objecting to Respondent's motion for extension of time to file an answer to the amended petition [Doc. 35]; motion for relief from the order granting Respondent's motion for extension [Doc. 38]; motion for clarification regarding docketing [Doc. 40]; two motions for a show cause order regarding prosecutorial misconduct [Docs. 41 and 45]; ex parte application to conduct limited discovery and request for in camera proceeding and declaration in support thereof [Docs. 42 and 43]; motion for evidentiary hearing pursuant to *Martinez* [Doc. 47]; motion for appointment of counsel [Doc. 48]; and memorandum in support of his motion for an evidentiary hearing and for appointment of counsel [Doc. 49]. Also before the Court is Respondent's motion to substitute counsel [Doc. 44].

Petitioner has filed motions opposing Respondent's motions to substitute counsel and for extension [Docs. 35 and 45] but Respondent did not file a response to Petitioner's motions, and the time for doing so has passed. *See* E.D. Tenn. L.R. 7.1. The Court will address these motions in turn based on the substance thereof.

## I. SUMMARY JUDGMENT

Petitioner has filed a motion for summary judgment, a forty-six-page memorandum in support thereof, and statement of undisputed facts in support thereof [Docs. 29, 30, and 31]. For the reasons set forth below, this motion [Doc. 29] will be **DENIED**.

### A. Standard

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party. *McLean v. 988011 Ontario Ltd*, 224 F.3d 797, 800 (6th Cir. 2000). As such, the moving party has the burden of conclusively showing the lack of any genuine issue of material fact. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979).

To successfully oppose a motion for summary judgment, "the non-moving party . . . must present sufficient evidence from which a [finder of fact] could reasonably find for him." *Jones v. Muskegon Cnty.*, 625 F.3d 935, 940 (6th Cir. 2010). However, a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998). Rather, the court is required to, at a minimum, examine the motion to ensure that the movant has met its initial burden. *Id.* In doing so, the court "must not overlook the possibility of evidentiary misstatements presented by the moving party." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 407 (6th Cir. 1992). The court must "intelligently and carefully review the legitimacy of [] an unresponded-to motion, even as it refrains from actively pursuing advocacy or inventing the *riposte* for a silent party." *Id.*

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), codified in 28 U.S.C. §2254, *et. seq.,* a district court may not grant habeas corpus relief for a claim that a state court adjudicated on the merits unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d)(1) and (2). This standard is "intentionally difficult to meet." *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015) (quotation marks omitted).

### B. ANALYSIS

As Petitioner acknowledges in his most recent motion, the essential dispute in this case is whether Petitioner's 2005 guilty plea for two counts of felony murder in the underlying state criminal proceedings was knowing and voluntary and whether Petitioner's counsel was effective with regard to that guilty plea [Doc. 42 p. 1–2]. The record establishes that Petitioner and Respondent substantially disagree about and that genuine issues of material fact remain as to these issues [*compare* Docs. 1 and 25-1 *with* Docs. 18 and 37].

This Court will ultimately have to decide whether Petitioner is entitled to habeas corpus relief from his guilty plea. However, after reviewing Petitioner's summary judgment filings and drawing all reasonable inferences from the evidence in the record in favor of Respondent, the Court finds Petitioner has not met his burden to establish that he is entitled to habeas corpus relief as a matter of law. Accorbothdingly, his motion for summary judgment [Doc. 29] will be **DENIED**.

### II. ORDER OF EXTENSION

On September 9, 2019, Petitioner filed a motion to amend/revise his petition and to file a two-hundred and forty-seven page amended § 2254 petition [Docs. 25 and 25-1]. On September

18, 2019, the Court granted Petitioner's motion to amend his petition and provided Respondent sixty days to file a response to the amended petition [Doc. 27 p. 2].

On January 2, 2020, Respondent filed a motion for extension of time to file his answer to the amended petition in which counsel apologized for the failure to comply with the previous response deadline and stated that this failure was due to "inner-office oversight" [Doc. 33 p. 1–2].

On January 7, 2020, the Clerk docketed Petitioner's "motion in objection" to Respondent's motion for extension of time in which he asserted that Respondent had not established his failure to timely file an answer to the amended petition was due to excusable neglect and pointed out that Respondent had not sought extension of the deadline to file a response to Petitioner's motion for summary judgment or filed a response thereto, which Petitioner asserted was prejudicial to him [Doc. 35 p. 1–5]. As relief, Petitioner sought both denial of Respondent's motion for extension and that the Court grant him habeas corpus relief, or in the alternative that the Court grant Respondent an extension of time to file a response to his summary judgment motion and hold a hearing on the issues therein, should the Court find a genuine issue of material fact remains [*Id.* at 5].

On January 8, 2020, the Court granted Respondent's motion for extension of time to file his answer to the amended petition without addressing Petitioner's motion in opposition thereto [Doc. 36]. Petitioner then filed a motion entitled "Motion for Relief from Ex Parte Order Granting Respondent 45 Days to Respond to Amended Habeas Petition" in which he asserts that the Court lacked jurisdiction to grant Respondent's motion for extension and seeks relief from that order under Rule 60(b) of the Federal Rules of Civil Procedure [Doc. 38].

As the Court has granted Respondent's motion for extension, will deny Petitioner's motion for summary judgment as set forth above, and has not yet considered the merits of the § 2254

4

petition or determined whether an evidentiary hearing in this matter may be necessary, Petitioner's "motion in objection" to Respondent's motion for extension [Doc. 35] will be **DENIED**.

Also, Petitioner has not set forth any grounds for the Court to alter or amend its order granting Respondent's motion for extension under Rule 60(b) in his motion for relief from that order. Rather, it is apparent from this motion that Petitioner simply disagrees with the Court's decision to grant that motion and reasserts his previous objections to that motion, all of which were in the record when the Court granted Respondent's motion for extension. Thus, Petitioner's motion for relief from the Court's order granting Respondent's motion for extension [Doc. 38] is without merit and will be **DENIED**.

### III. DOCKETING CLARIFICATION

Petitioner also filed a motion for clarification in docketing [Doc. 40] in which he asserts that the Clerk improperly docketed his motion for a show cause order regarding prosecutorial misconduct as part of the appendix to his reply to Respondent's response in opposition to petition and requests that the Clerk docket it separately [Doc. 39-2 p. 11–20]. However, after Petitioner filed this motion, he refiled his motion seeking relief for prosecutorial misconduct and the Clerk docketed in a separate docket entry [Doc. 42]. Thus, this motion will be **DENIED as moot**.

### IV. PROSECUTORIAL MISCONDUCT, DISCOVERY, AND HEARING

As noted above, Petitioner has also filed two motions seeking a show cause order regarding prosecutorial misconduct [Docs. 41, 45]. In his first motion seeking this relief, Petitioner asserts that prosecutorial misconduct in the underlying state court criminal proceedings against him establishes his right to habeas corpus relief from his underlying guilty plea [Doc. 41]. In the second motion, Petitioner asserts that Respondent's motion to substitute counsel amounts to misconduct before setting forth the exact same motion regarding prosecutorial misconduct in his underlying

5

Case 2:18-cv-00094-RLJ-CRW   Document 51   Filed 09/28/20   Page 5 of 8   PageID #: 4537

criminal proceedings [Docs. 41, 45]. Petitioner has also filed a motion for limited discovery and an in-camera hearing regarding evidence he asserts the state has regarding the alleged prosecutorial misconduct in his underlying criminal proceedings [Doc. 42].

However, nothing in the record suggests that Respondent's motion to substitute counsel is improper in any way, and as the Court has previously notified Petitioner [Doc. 27 p. 1–2], Rule 7 of the Rules Governing Section 2254 Cases provides that "[i]f the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition." The Court has not yet determined whether the petition may be dismissed based on the record before the Court, including the state court record. Should the Court determine that it needs additional materials relating to the petition or that it will hold an evidentiary hearing, the Court will enter order stating as such.

Accordingly, Petitioner's motions for a show cause order regarding prosecutorial misconduct [Docs. 41 and 45] and for limited discovery and a hearing [Doc. 42] will be **DENIED**.

### V. MOTION FOR *MARTINEZ* HEARING

Petitioner has also filed a motion for the Court to hold a hearing regarding his procedurally defaulted claims that he asserts are excused under *Martinez v. Ryan*, 132 S. Ct. 1309, 1320 (2012) [Doc. 47]. However, as noted above, the Court has not yet determined whether it may hold an evidentiary hearing in this case, and if it does decide to do so, it will enter an order stating as such. Thus, this motion [*Id.*] will be **DENIED**.

### VI. MOTION TO APPOINT COUNSEL

Petitioner also filed a motion seeking appointment of counsel to conduct discovery regarding his procedurally defaulted claims that he asserts are excused under *Martinez v. Ryan*, 132 S. Ct. 1309, 1320 (2012) and to represent him at an evidentiary hearing on these claims [Doc.

48]. However, the constitutional right to counsel in criminal prosecutions does not apply to habeas corpus cases. *Baker v. Ohio*, 330 F.2d 594, 595 (6th Cir. 1964). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the Court and is required only where the interests of justice or due process so require, 18 U.S.C. § 3006A(a)(2); *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986), or where an evidentiary hearing is necessary. Rule 8(c), Rules Governing § 2254 Cases.

Again, the Court has not determined whether it will hold an evidentiary hearing in this matter, nor does it see or any other reason to appoint counsel for Petitioner. Accordingly, this motion [*Id.*] will be **DENIED**.

### VII. SUBSTITUTE COUNSEL

For good cause shown therein, Respondent's motion to substitute counsel [Doc. 44] will be **GRANTED**.

### VIII. CONCLUSION

For the reasons set forth above:

1. Petitioner's motion for summary judgment [Doc. 29] is **DENIED**;

2. Petitioner's motion objecting to Respondent's motion for extension of time to file an answer to the amended petition [Doc. 35] is **DENIED**;

3. Petitioner's motion for relief from the Court's order granting Respondent's motion for extension of time to file an answer to the amended petition [Doc. 38] is **DENIED**;

4. Petitioner's motion for clarification in docketing [Doc. 40] is **DENIED as moot**;

5. Petitioner's motions for an order to show cause regarding prosecutorial misconduct [Docs. 41, 45] are **DENIED**;

6. Petitioner's ex parte motion application to conduct limited discovery and request for in camera proceeding [Doc. 42] is **DENIED**;

7. Petitioner's motion for a *Martinez* hearing [Doc. 47] is **DENIED**;

8. Petitioner's motion to appoint counsel [Doc. 48] is **DENIED**;

9. Respondent's motion to substitute counsel [Doc. 44] is **GRANTED**; and

10. Petitioner is **ORDERED** to immediately inform the Court and Respondent of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address will result in the dismissal of this action.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge