UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| DAVID HEARING, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | No.: 2:18-CV-00094-RLJ-CRW |
|  | ) |  |
| GRADY PERRY[1], | ) |  |
|  | ) |  |
| Respondent. | ) |  |

**MEMORANDUM & ORDER**

Following the denial of his pro se petition for a writ of habeas corpus under U.S.C. § 2254, Petitioner has now filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) [Doc. 69]. For the reasons set forth below, this motion will be **DENIED** in part and **TRANSFERRED** in part.

I. **BACKGROUND**

On June 4, 2018, Petitioner David Hearing filed a pro se prisoner's petition for a writ of habeas corpus under U.S.C. §2254, challenging the constitutionality of his confinement under two convictions for first-degree felony murder [Doc. 1]. After Respondent filed his answer [Doc. 18], Petitioner filed an amended petition in which he raised four claims: that (1) his guilty pleas were "unknowingly, involuntarily, and unintelligently entered;" (2) he received ineffective assistance of counsel; (3) the prosecution breached the negotiated plea agreement; and (4) the prosecution committed prosecutorial misconduct by violating *Brady v. Maryland*, 373 U.S. 83 (1963) [Doc.

---

[1] Although Petitioner names Cherry Lindamood as the Respondent, Grady Perry is the current warden of South Central Correctional Center, where Petitioner is confined, and is thus the proper Respondent. Rule 2(a) of the Rules Governing 2254 Cases.

25-1]. Respondent filed an amended answer arguing that Petitioner's guilty plea was knowing and voluntary and that his three remaining claims were procedurally defaulted [Doc. 37].[2]

This Court agreed with Respondent and denied Petitioner habeas relief finding no merit to his challenge to his guilty plea and finding that his three following claims were procedurally defaulted [Doc. 67]. The Court held that neither of Petitioner's procedurally defaulted claims were entitled to exemption under cause and prejudice analysis because: (1) his ineffective assistance of trial counsel claim was not substantial as Petitioner could not demonstrate prejudice; (2) Petitioner could not show prejudice regarding his claim that the prosecution breached his plea agreement where there was insufficient evidence that his sentence was different than what he bargained for; and (3) the alleged *Brady* violation could not warrant relief where Petitioner pled guilty [*Id.*]. Accordingly, the Court denied Petitioner habeas relief. Twenty-six days later, Petitioner filed the instant motion under Rule 60(b) [Doc. 69].[3]

---

[2] Petitioner filed a plethora of motions both before and after Respondent's answer, including two identical motions for summary judgment. A more complete analysis of Petitioner's motions as well as the state court procedural background may be found in the Court's opinion dismissing Petitioner's habeas petition [Doc. 67].

[3] Here Petitioner's motion was filed within the twenty-eight day time period required for filing a Motion to Alter or Amend a Judgment, under Rule 59(e). Fed. R. Civ. P. 59(e). When it is unclear whether a petitioner files his post-judgment motion pursuant to Rule 59 or Rule 60, a court may construe it as filed pursuant to Rule 59 when it is filed within the relevant time period. *Hood v. Hood*, 59 F.3d 40, 43 n. 1 (6th Cir. 1995). However, a party's labeling of his motion is relevant. *See id.* Here, Petitioner's motion is not ambiguous; Petitioner labeled his motion clearly as a "Motion for Relief from the Courts [sic] Order," and cited directly to Rule 60(b) [Doc. 69]. The Court will then address it as such.

## II.   STANDARD OF REVIEW

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances…." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Specifically, a party may obtain relief for:

(1) Mistake, inadvertence, surprise, or excusable neglect;

(2) Newly discovered evidence …

(3) Fraud…, misrepresentation, or misconduct by an opposing party;

(4) The judgment is void;

(5) The judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) Any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Under any ground, "extraordinary circumstances" are required to "justify[] the reopening of a final judgment." *Gonzalez*, 545 U.S. at 535.

For habeas petitioners, Rule 60(b) relief is further constrained by the Antiterrorism and Effective Death Penalty Act's ("AEDPA") limitation on second or successive habeas petitions. Under the AEDPA, a petitioner must first obtain authorization from the circuit court before filing a second or successive habeas petition. 28 U.S.C. §2244. Accordingly, when a habeas petitioner raises a Rule 60(b) challenge to the denial of his habeas petition, the Court must ensure that the motion is a proper Rule 60(b) motion, and not merely a circuitous method of filing a second or successive habeas petition. *Moody v. Parris*, 2021 U.S. Dist. LEXIS 72090, at *10 (M.D. Tenn. Apr. 14, 2021).

A proper Rule 60(b) motion attacks "some defect in the integrity of the federal habeas proceedings," but "does not seek to assert, or reassert, claims of error in the movant's state

3

conviction." *Gonzalez*, 545 U.S. at 532 n. 4. It may "assert that a previous ruling which precluded a merits determination was in error-for example, a denial for such reasons as a failure to exhaust, procedural default, or state-of-limitations bar." *Id.* However, a Rule 60(b) motion may not contain a "claim," which is to say it may not assert a basis for relief by either "seeking to add a new ground for relief," or "attack[ing] the federal court's previous resolution of a claim on the merits." *Id.* at 530. If the motion is found instead to be a successive habeas petition, it is barred by 28 U.S.C. §2244(b). *See e.g.*, *Post v. Bradshaw*, 422 F.3d 419, 421 (6th Cir. 2005).

### III. ANALYSIS

In his motion, Petitioner argues both that the Court incorrectly held that he was not entitled to relief from any procedural default and that the Court erred in applying the deferential standard of review set out in §2254(d) to his claims [Doc. 69]. First, Petitioner reiterates the argument from his habeas petition that he was warranted exemption from the default of his claims regarding the prosecution's alleged *Brady* violation and breach of his plea agreement through 28 U.S.C. §2254(b)(1)(B)(i) and (ii) respectively [*Id.*]. Petitioner alleges that because these claims arose several years later, there was no remaining, effective state court process he could use to seek relief and thus the claims are exempt from the doctrine of exhaustion under the above statutory provisions [*Id.*]. Next, Petitioner argues that the Court incorrectly determined that his ineffective assistance of counsel claim was not substantial, as it was analyzed under the incorrect standard [*Id.*]. In addition to his challenges to the Court's findings regarding procedural default, Petitioner also argues that the Court incorrectly applied 2254(d)'s deferential standard to his claims regarding his guilty plea, rendering its decision on the merits of this claim incorrect [*Id.*].

In this motion, Petitioner does not point to any enumerated ground for Rule 60(b) relief. He does, however, include language regarding "fraud upon the court," when discussing his views

of the prosecution's actions during state-court proceedings [Doc. 69 p. 42, 43]. Additionally, after filing the instant motion, Petitioner filed a "Proposed Report and Recommendation" and "Proposed Order," in which he proposes that the Court grant him relief under Rule 60(b)(3), which allows for relief due to fraud, misconduct, or misrepresentation by an opposing party [Docs. 70-1 p. 1-2, 70-2 p. 1]. Despite Petitioner's proposition, the arguments presented in his motion do not neatly fit into the framework created by Rule 60(b)(3). Instead, the arguments seem to allege that the Court made legal errors in denying Petitioner's habeas petition, which would properly be characterized as arguments under Rule 60(b)(1). *See Okoro v. Hemingway*, 481 F.3d 873, 874 (6th Cir. 2007) (holding "Rule 60(b)(1)… governs instances where [a] mistake was based upon legal error."). In favor of expediency, the Court will address both provisions.

### a. Second or Successive Claim

As previously stated, before the Court can take Petitioner's claims into consideration, it must first determine whether Petitioner's motion is a proper Rule 60(b) motion, rather than a second or successive petition. Here, the Court finds that Petitioner's challenge to the Court's application of §2254(d) to his claim regarding his guilty plea is merely a convoluted attempt to raise a second or successive claim for relief. Although Petitioner couches this argument in procedural terms, presenting the claim as if he is merely objecting to the Court's application of §2254(d) deference rather than reviewing his claim *de novo*,[4] he provides several pages of argument reiterating his previously-raised habeas claims that his guilty plea was not knowing and voluntary [Doc. 69 p. 28-44]. Notably, Petitioner even concludes in this section of his motion,

---

[4] Although it remains unclear, it appears Petitioner is arguing that because the state court did not address his claims of prosecutorial misconduct and breach before its decision finding that his guilty plea was knowing, intelligent, and voluntary, the court's disposition of his claim regarding his guilty plea was not on the merits [Doc. 69 p. 28-29].

5

"[t]he appropriate remedy is to vacate the October 6, 2021, Order issued by the District Court and Grant Mr. Hearing Habeas Relief, Ordering his immediate release from custody" [*Id.* at 44].

Regardless of Petitioner's wording and the tortuous route he takes, it is clear that he is attempting to raise a claim for relief, as barred by §2244(b). *See Post*, 422 F.3d at 425 (holding that a motion was advancing an unauthorized claim where petitioner as "taking steps that le[]d inexorably to a merits-based attack on the prior dismissal of his habeas petition."); *Moore v. Simpson*, No. 3:99CV-P745-R, 2006 U.S. Dist. LEXIS 914, at *12 (W. D. Ky. Jan. 11, 2006) (finding that although the petitioner claimed to be challenging the district court's "erroneous application of 2254(d) to claims that should have been reviewed de novo," it was clear that Petitioner was attempting to induce the Court to review a claim it had previously determined on the merits.); *Garrett v. Prelesnick*, No. 2:09-CV-11076, 2012 U.S. Dist. LEXIS 85411, at *5 (E.D. Mich. May 4, 2012) (finding that petitioner's claim that the Court incorrectly applied §2254(d) rather than *de novo* review "in analyzing his substantive claim is the functional equivalent of asserting that claim for relief a second time, and thus is prohibited by §2244(b)) . Accordingly, because Petitioner is seeking review of a claim the Court has already dismissed on its merits, this portion of Petitioner's motion must and will be transferred to the Sixth Circuit for an order authorizing this Court to consider it. *See* 28 U.S.C. §2244(b)(3).

However, Petitioner's first two claims, challenging the Court's finding of procedural default, are proper grounds for a Rule 60(b) motion and thus properly before the Court. *Gonzalez*, 545 U.S. at 532 n. 4; *see In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006) (holding "[a] motion that … challenges only the District Court's failure to reach the merits does not warrant such treatment, and can therefore be ruled upon by the District Court without precertification…"). They will be discussed below.

### b. Mistake of Law

Petitioner's remaining claims all seem to raise that the Court made legal errors in reviewing his claims, falling under Rule 60(b)(1). Rule 60(b)(1) "is intended to provide relief in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002). The Sixth Circuit has specifically held that legal errors may constitute a mistake under this clause. *See Okoro*, 481 F.3d at 874. However, a Petitioner may not use a Rule 60(b) motion to force the Court to relitigate an issue which it has already decided. *See, e.g., Barnes v. Clifton*, 57 F. App'x 240, 241 (6th Cir. 2003).

Petitioner first argues that the Court incorrectly determined that his claims of prosecutorial breach and prosecutorial misconduct were not exempt from the doctrine of procedural default. Petitioner believes that under 28 U.S.C. §§2254(b)(1)(B)(i), (ii), which provide that the failure to exhaust claims will not prevent review if 'there is an absence of available State corrective process," or such process is ineffective to protect the rights of the applicant, his claims were entitled to review. Petitioner presented this argument in his habeas petition which the Court found unconvincing [Doc. 67];[5] he may not now use a Rule 60(b) motion as an appeal, attempting to force the Court to relitigate issues already considered. *See e.g., Barnes*, 57 F. App'x at 241.

Moreover, the Court did not make legal error. The Court first noted that Petitioner's claims, having never been presented to the Tennessee Court of Criminal Appeals ("TCCA") throughout Petitioner's plethora of challenges, were technically exhausted but procedurally defaulted. The

---

[5] Petitioner only presented §2254(b)(1)(B)(i) in his previous habeas petition.

Court then applied Sixth Circuit precedent which held that §2254(b)(1)(B) is an alternative to "exhaustion," not as grounds for exemption from the doctrine of procedural default. *See Broom v. Mitchell*, 441 F.3d 392, 399 (6th Cir. 2006). Accordingly, this statute will not entitle Petitioner's defaulted claims to review. Moreover, although Petitioner does not challenge the Court's finding that there was no cause and prejudice to excuse his default, the Court restates its previous holding that Petitioner is not entitled to relief from his default. Although the alleged late discovery of these claims could have provided relief from default in some circumstances, the Court declined Petitioner relief from his default because he could not demonstrate prejudice resulting from the denial of these claims, where both were plainly meritless.

Next, Petitioner alleges that the Court was mistaken when it determined that his ineffective assistance of trial counsel claim was not substantial, resting his argument on his contention that the Court applied the wrong legal standard. Petitioner alleges that the proper standard to determine whether an ineffective assistance claim is substantial is whether the claim is "one about which reasonable jurists could debate," rather than the "one which has some merit" standard applied by the Court.[6] Petitioner then alleges that there was reasonable debate regarding whether Petitioner's trial counsel failed to recognize prosecutorial misconduct. The *Martinez/Trevino* framework, set out by the Supreme Court, carved out an exception allowing the ineffective assistance of post-conviction counsel to serve as "cause," in a limited set of circumstances, including a requirement that the claim be "substantial." *Martinez v. Ryan*, 566 U.S. 1, 14-15 (2012). In this framework,

---

[6] The Court notes that Petitioner's confusion on this issue appears to come from a legal signal used in *Martinez*. When setting out the legal standard whether the claim has "some merit," the Supreme Court provided a "cf." signal, to *Miller-El v. Cockrell*, 537 U.S. 322 (2003), which sets out the standard for Certificates of Appealability as "one about which reasonable jurists could debate." When used in legal citation, "cf." means "compare with."

the Supreme Court clarified that to be substantial, a Petitioner must demonstrate that his claim has "some merit." *Id.* at 15. This is the standard applied by this Court in addressing Petitioner's habeas claim. The Court again relies on its prior holding that under this standard, Petitioner's claim of ineffective assistance of counsel was not substantial. Petitioner has provided no case law, and the Court is aware of none, that this standard has been overturned or that demonstrates that he is entitled to relief under this standard. Accordingly, the Court did not commit legal error here which would entitle Petitioner to Rule 60(b) relief.

### c. Fraud

Although Petitioner's arguments fit more firmly within the grounds of Rule 60(b)(1), as detailed above, Petitioner seems to argue that he is entitled to relief though Rule 60(b)(3). Rule 60(b)(3) requires a movant 'to show by clear and convincing evidence that the district court's judgment was obtained by fraud or misconduct." *Crehore v. United States*, 254 F. App'x 547, 549 (6th Cir. 2007). The moving party must demonstrate "that the adverse party committed a deliberate act that adversely impacted the fairness of the relevant legal proceeding [in] question." *Info-Hold, Inc. v. Sound Merchandising, Inc.*, 538 F.3d 448, 455 (6th Cir. 2008). Under this standard only fraud by the Respondent could grant Petitioner relief, not fraud by the State prosecution. *See Crehore*, 253 F. App'x at 549 (holding that Rule 60(b)(3) requires that the *district court's judgment* be obtained by fraud or misconduct)(emphasis added); *see also Lamb v. Palmer*, No. 03-CV-73587-DT, 2010 U.S. Dist. LEXIS 17966, at *5 (E.D. Mich. Jan. 21, 2010) (holding that petitioner "must identify fraud perpetrated by respondent," and that alleged fraud by a state prosecutor and police officers is not cognizable under Rule 60(b)(3)); *Kelly v. Bergh*, No. 2:07-CV-13259, 2009 U.S. Dist. LEXIS 121439, at *5 (E.D. Mich. Dec. 1, 2009) (a motion under Rule 60(b)(3) requires petitioner to "show that this Court's own judgment—

9

that is, the one that he seeks relief from under Rule 60(b)(3)-was obtained by a party's fraud or misrepresentation.").

In the present motion, the few arguments Petitioner has provided regarding fraud allege fraud by the state prosecution and will not, under the provided case law, entitle him to relief under 60(b)(3). The only conceivable arguments Petitioner could be said to raise against Respondent are taking issue with the timing of Respondent's filings or his lack of response to Petitioner's continuous and redundant filings. This could hardly constitute clear and convincing evidence of a deliberate act which rendered the results of these proceedings unfair. Accordingly, Petitioner is not entitled to relief under 60(b)(3).

## IV. CERTIFICATE OF APPEALABILITY

The Court must now consider whether to issue a certificate of appealability ("COA"), should Petitioner file a notice of appeal. Under 28 U.S.C. § 2253(a) and (c), a petitioner may appeal a final order in a habeas proceeding only if he is issued a COA, and a COA may only be issued where a Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This provision likewise applies to denials of Rule 60(b) motions. *United States v. Hardin*, 481 F.3d 924, 926 (6th Cir. 2007). To obtain a COA, a petitioner must "demonstrate[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). When a district court denies a habeas petition on a procedural basis without reaching the underlying claim, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Reasonable jurists would not disagree that Petitioner's petition is not entitled to relief from the Court's judgment under Rule 60(b) or find that Petitioner's claims should be encouraged to proceed further. Accordingly, a **COA SHALL NOT ISSUE.**

## V. CONCLUSION

For the reasons set forth above, the claims Petitioner properly raises in his Rule 60(b) motion regarding the Court's prior finding of procedural default warrant no Rule 60(b) relief and will be **DENIED.** The portion of his motion challenging the Court's dismissal of Petitioner's claim that his guilty plea was not knowing and voluntary is in essence a second or successive petition, over which this Court has no jurisdiction absent precertification by the Court of Appeals, and the Clerk will be **DIRECTED** to transfer this portion of the motion to the United States Court of Appeals for the Sixth Circuit, pursuant to 28 U.S.C. § 1631 and *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge